UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:10-CV-00005

JAMES CHRISTOPHER BIDWELL
and SUSAN WILSON                                                                    PLAINTIFFS

v.

UNIVERSITY MEDIAL CENTER, INC., et. al.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion for Additional Discovery (DN 20). Defendants have responded (DN 21, 22) and Plaintiffs have replied (DN 23). This matter is now ripe for adjudication. For the following reasons, Plaintiffs' motion is DENIED.

## BACKGROUND

This case arises from a breach of fiduciary duty claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiffs were employees of University Medical Center and participants in the University Hospital Retirement Plan and the University Hospital 403(b) Plan ("Plans"). During their participation in the Plans, Plaintiffs elected to invest the total of their accounts in the Lincoln Stable Value Fund ("SVF"). On June 16, 2008, a notice was mailed to Plaintiffs indicating that the funds in SVF would be reallocated to Life Span Qualified Default Investment Alternative ("QDIA") unless Plaintiffs affirmatively elected to keep SVF. Plaintiffs claim that neither received the notice and only discovered the change in their investments in October of 2008, after suffering substantial losses in their investment accounts. Plaintiffs allege that had they known of the election, they would have reinvested in SVF.

The initial claims of the Plaintiffs for the loss of value in their investments were denied

as were the Plaintiffs' requests for a hearing on the subject. Administrative appeals for a hearing were also denied. The Plaintiffs now bring this Motion for Discovery so they may depose and pose interrogatories on the plan administrator.

## STANDARD AND ANALYSIS

"Generally, parties in a civil action may obtain discovery regarding any unprivileged matter that is relevant to the claim or defense of any party." *Likas v. Life Ins. Co. of North America*, 222 Fed. App'x 481, 485 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)(1)). Discovery is limited, however, in cases arising under ERISA. *See Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990) ("Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of [the] goal [to resolve disputes inexpensively and expeditiously]."). In reviewing a denial of benefits claim, "the district court [is] confined to the record that was before the Plan Administrator." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). The district court should consider outside evidence "only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* at 619 (Gilman, concurring).

Plaintiffs contend that the denial of their request for a hearing on administrative appeal infringed upon their due process rights because they were unable to present their case that Defendants breached their fiduciary duties in administering the Plans. They fail to cite authority for this proposition. However, past ruling are unambiguous that an in-person evidentiary hearing is not required for a full and fair review of a claim under ERISA. *See* 29 C.F.R. § 2560.503-1*; Criss v. Sheet Metal Workers' Nat. Pension Fund*, No. 5:05-CV-942, 2007 WL 2713068, at *2-3 (N.D. Ohio Sept. 14, 2007) (internal citations omitted) (stating "ERISA does not require an

evidentiary hearing on appeals of initial benefits denials"); *see also Brown v. Retirement Committee of Briggs & Stratton Retirement Plan*, 797 F.2d 521, 534 (7th Cir. 1986) (stating "[f]ull and fair does not necessarily require a trial-like atmosphere complete with attorneys to challenge offered evidence and legally trained hearing officers to rule on evidentiary questions") (citation and quotation marks omitted); *Sawyer v. Potash Corp.*, 417 F. Supp. 2d 730, 744 (E.D.N.C. 2006) ("Plaintiff had no right to appear before the Appeal Committee or to present oral testimony."); *Dabertin v. HCR Manor Care, Inc.*, 177 F. Supp. 2d 829, 848 (N.D. Ill. 2001) ("The court . . . finds that ERISA does not require that a claimant be allowed to appear before the Committee.").

Moreover, the information the Plaintiffs seek does not implicate any due process violations. From what the Court can discern, Plaintiffs intend to question the Plans' administrator to determine how the method of delivery was decided and why it did not include a proof of receipt when delivered. Yet, regulations promulgated by the Secretary of Labor require only that the plan administrator use "measures reasonably calculated to ensure actual receipt of the material" that informs participants of material changes to a plan. 29 C.F.R. §§ 2520.104b-1(b), 2560.503-1(m)(5). The regulations governing ERISA do not mandate that plans provide notice with proof of receipt to participants; in fact, the regulations state that sending items by first, second, or third class mail is enough to properly notify participants. *Id.* Nor have Plaintiffs offered any explanation why the mailing procedure without the proof of receipt violated their due process rights. As this circuit has also held that expanded discovery in actions under ERISA is only appropriate where a due process violation has been established to some extent by the party seeking discovery, *see Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006),

3

Plaintiffs have failed to allege sufficient facts for this Court to provide the relief sought.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT Plaintiffs' Motion for Additional Discovery is DENIED.